Amalia Díaz, Plaintiff and Appellee, *v.* Gabriel Janer, Defendant and Appellant.

No. 6551. Argued February 12, 1934.—Decided February 20, 1934.

*Felipe Janer* for appellant.  *Arturo Vahamonde* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Amalia Díaz brought a suit for divorce against Gabriel Janer, who filed a cross complaint which the lower court sustained by holding the bonds of matrimony theretofore existing between the plaintiff and defendant to be wholly dissolved, but recognizing the right of the plaintiff to continue family relations with her minor son, Felipe Janer Díaz.

The plaintiff requested the court to determine the family relations between her and her son, and it seems that said motion was decided by ordering the defendant and cross-complainant to send the minor to the house of Amalia Díaz every Tuesday, Thursday and Saturday of each week from two to four o'clock in the afternoon.  We say that it seems to have been decided by the lower court, because the order appealed from has not yet been incorporated in the record, and we take this information from the motion of the appellee requesting that the present appeal be dismissed.

According to the certificate issued by the clerk of the District Court of San Juan, the defendant filed his notice of appeal on August 26, 1933.  On September 26, he requested an extension of thirty days in which to file the transcript of the evidence, and on October 27 and November 24, 1933, he requested new extensions for the same purpose.  On the latter date the transcript of the evidence was filed in the lower court, after the expiration of the term, or ninety days after the appeal had been taken.  As this transcript of the evi-

dence could not be properly filed unless a new extension was allowed, the extension was requested and it was granted by this court, and on February 12, 1934, said transcript was sent up to this court.

The appellee says that the defendant appellant has allowed the term of ninety days to expire without filing the record of appeal in this court, and that in addition the appeal is entirely frivolous, and that its sole purpose is to delay the execution of the order of the lower court rendered against the plaintiff-appellee.

Rule 59 of this court cited by the appellee in support of her motion says:

"At the expiration of ninety days from the time of the notice of the appeal, and even if any extension of time has been allowed by the court below, any case not previously filed in this Court may, in the discretion of the Court, be dismissed on motion if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is a frivolous one."

The plaintiff is not mistaken in saying that the defendant has failed to prosecute his appeal with due diligence. The transcript of the evidence which consists of only 25 pages could have been finished in a short time. The appellant should have taken care to have the order appealed from, which is the basis of his appeal, incorporated in the record. In our opinion, due diligence has not been exercised in the prosecution of this appeal which, in addition, cannot be considered as completely perfected inasmuch as the record still shows the absence of the order which was the basis of the same.

As to the question of frivolousness, we cannot decide the same in the absence of the order appealed from. The fact that the appellee sets out in her motion the pronouncements of the lower court, which show the appeal to be frivolous, does not matter if we do not have access to the decision that gave rise to the appeal.

The appeal must be dismissed.